IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LENZIE GILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 2:06-CV-1151-MHT |
| | ) |
| PROGRESSIVE DIRECT | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

Comes now the defendant, Progressive Direct Insurance Company ("Progressive"), and files this Notice of Removal of this case from the Circuit Court of Montgomery County, Alabama, in which it is now pending to the United States District Court for the Middle District of Alabama, Northern Division, and shows unto the Court the following:

I.

This case was commenced in the Circuit Court of Montgomery County, Alabama on December 1, 2006 and is now pending in that court.

II.

This case is a civil action for damages arising out of a bad faith claim based upon Progressive's failure to pay all of the claimed damages to a motor home awning as a result of wind damage on October 27, 2006.

III.

The action is one of a civil nature over which the District Courts of the United States have original jurisdiction because of diversity of citizenship and the amount is in controversy.

IV.

The matter in dispute exceeds the sum of $75,000, exclusive of interest and costs, as will more fully appear by the plaintiff's complaint which is attached as Exhibit "A". The plaintiff is seeking in excess of $150,000 for compensatory and punitive damages.

V.

The plaintiff, Lenzie Gill, was at the time of the commencement of this action, and now is, a resident citizen of the state of Alabama.

VI.

The defendant, Progressive, is a corporation incorporated and organized in the state of Ohio, having its principal place of business in the state of Ohio. Although incorrectly named, Progressive Halcyon Insurance Company is also a corporation incorporated and organized in the state of Ohio, having its principal place of business in the state of Ohio.

VII.

The petition is timely filed with this Court pursuant to 28 U.S.C. §1446(b). This notice is being filed within 30 days after the date that Progressive was served with the complaint. Progressive was served on or after December 6, 2006.

VIII.

A copy of this Notice of Removal will be filed with the clerk of the Circuit Court of Montgomery County, Alabama in accordance with 28 U.S.C. §1446(d).

Progressive requests that this Court will take jurisdiction of this case and will issue all necessary orders and process in order to remove the case from the circuit Court of Montgomery County, Alabama, to the United States District Court for the Northern Division of the Middle District of Alabama.

_____
R. Larry Bradford, Attorney for Defendant
Progressive Direct Insurance Company
Attorney Bar Code: BRA039

OF COUNSEL:
Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216
(205) 871-7733

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 22 day of December, 2006, served a copy of the foregoing to all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Jerry M. Blevins, Esq.
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, AL 36106

_____
OF COUNSEL

# Attachment



IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| LENZIE GILL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No.: CV-2006-__900150__ ) |
| PROGRESSIVE HALCYON INSURANCE COMPANY, | ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, Lenzie Gill, by and through his undersigned attorney of record, and would show unto the Court as follows:

1. Plaintiff Lenzie Gill is over the age of nineteen (19) years and is a permanent resident of Montgomery County, State of Alabama.

2. Defendant Progressive Halcyon Insurance Company, on information and belief, is a foreign corporation doing business by agent in Montgomery County, State of Alabama, at all times mentioned herein.

## FACTUAL ALLEGATIONS

3. Plaintiff expressly adopts as if set forth fully herein the allegations of paragraphs 1-2 above.

4. On October 27, 2006, the awning on Plaintiff's motor home was damaged by bad weather.

5. At the time of the damage, Plaintiff's motor home was covered by an Alabama Motor Home Policy of insurance issued by Defendant, which provided, inter alia, comprehensive coverage for "Agreed Value $16,500" with a deductible of $500.00.

6. The damage to the awning on Plaintiff's motor home was damage covered under the comprehensive coverage provisions of the insurance policy issued by Defendant.

1

7. In relevant part, the policy of insurance reads as follows:

**"INSURING AGREEMENT – AGREED VALUE COVERAGE**

If **you** purchase Agreed Value Coverage under this Part IV for a **covered vehicle**, then subsection 1 of the Limits of Liability provision under this part IV shall not apply and the following provision shall apply to a loss to that **covered vehicle**:
1. The limit of liability for a **loss** to a **covered vehicle** for which Agreed Value Coverage was purchased is as follows:
    a. for a **total loss** to a **covered vehicle** which has an **agreed value** supported by the proper documentation, **our** limit of liability is the **agreed value**, reduced by its salvage value if **you** or the **owner** retain the salvage; and
    b. for a **loss** other than a **total loss** to a **covered vehicle**, or for a **total loss** where the **agreed value** is not supported by proper documentation, **our** limit of liability is the lower of:
        (i) the actual cash value of the stolen or damaged property at the time of the **loss**, reduced by:
            (a) the applicable deductible as shown on the **Declarations Page**; and
            (b) its salvage value if **you** or the **owner** retain the salvage;
        (ii) the amount necessary to replace the stolen or damaged property, reduced by:
            (a) the applicable deductible as shown on the **Declarations Page**; and
            (b) its salvage value if **you** or the **owner** retain the salvage;
        (iii) the amount necessary to repair the stolen or damaged property to its pre-loss condition, reduced by the applicable deductible as shown on the **Declarations Page**; or
        (iv) the **agreed value**, reduced by the salvage value of the **covered vehicle** if **you** or the **owner** retain the salvage."

8. Defendant adjusted Plaintiff's claim for the damaged awning as a replacement cost claim pursuant to 1b(ii) above, and determined the total claim to be valued at $927.80.

9. However, in addition to deducting "the applicable deductible as shown on the Declarations Page", in the amount of $500.00, from the value of the total claim as permitted by the policy, Defendant further deducted a sum for "Betterment", or wear and tear, a deduction <u>not permitted</u> by the insurance policy.

10. Based on the improper deduction for wear and tear, Defendant determined that

2

Plaintiff was owed no money on his claim, when in-fact, Plaintiff was owed the sum of $427.80, for the damaged awning.

11. Attached hereto as Exhibit "A", is the document provided to Plaintiff by Defendant, indicating that Defendant determined Plaintiff was owed no money on his claim after deducting the applicable deductible of $500.00, and the improper deduction for "betterment" in the amount of $575.80.

12. As a result of Defendant's actions, Plaintiff has been wrongfully denied monies for which he is entitled and has been caused to suffer mental anguish

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant for compensatory and punitive damages in excess of the sum of $150,000.00; costs of this action; and such other and further relief as the Court may deem just and proper.

## COUNT I - BREACH OF CONTRACT

13. Plaintiff expressly adopts as if set forth fully herein the allegations paragraphs 1-12 above.

14. Plaintiff entered into a contractual agreement with Defendant wherein Defendant contractually agreed to provide comprehensive coverage on Plaintiff's motor home on an "Agreed Value $16,500".

15. Defendant breached the contractual agreement in denying payment on the claim after improperly deducting a sum for wear and tear from the sum owed Plaintiff, a deduction not permitted by the insurance policy.

16. As a direct and proximate result of Defendant's actions, Plaintiff has been injured.

## COUNT II - BAD FAITH

17. Plaintiff expressly adopts as if fully set forth herein the allegations of paragraphs 1-16

3

above.

18. Defendant acted in bad faith in the handling of Plaintiff's claim relative to the damaged awning in denying payment on the claim after improperly deducting a sum for wear and tear from the sum owed Plaintiff, a deduction not permitted by the insurance policy.

19. Defendant's actions were absent any reasonably legitimate or arguable reason.

20. Defendant had actual knowledge of the absence of any legitimate or arguable reason for its actions.

21. As a direct and proximate result of Defendant's actions, Plaintiff has been injured.

Respectfully submitted this the 1st day of December, 2006.

/s Jerry M. Blevins
JERRY M. BLEVINS (BLE003)
Attorney for Plaintiff

OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Case 2:06-cv-01151-MEF-SRW    Document 1-2    Filed 12/28/2006    Page 6 of 9



Profile ID: CUSTOMIZED

# PROGRESSIVE INSURANCE
4719 Woodmere Blvd., Montgomery, AL 36106
(334) 244-4500
Fax: (334) 277-7880

Damage Assessed By: Derek Pannier

Type of Loss: RV
Date of Loss: 10/27/2006
Contact Date: 10/30/2006
Deductible: 500.00
Policy No: 32256693

Claim Number: 06-0162784-01

Insured: LENZIE GILL
Claimant: LENZIE GILL
Address: 222 IRIS LN, MONTGOMERY, AL 36105
Telephone: Home Phone: (334) 281-0542
Owner: LENZIE GILL
Address: 222 IRIS LN, MONTGOMERY, AL 36105
Telephone: Home Phone: (334) 281-0542

Mitchell Service: 911000

Description: 84
VIN: 1FDKE30L7FHA05918
OEM/ALT: A
Color: WHITE

Vehicle Production Date: 00/85
License: 3R2 00324 AL
Search Code: MONTGOMER1

| Line Item | Entry Number | Labor Type | Operation | Line Item Description | Part Type/ Part Number | Dollar Amount | Labor Units |
|---|---|---|---|---|---|---|---|
| | | | | **MANUAL ENTRIES** | | | |
| 1 | 900500 | BDY * | REMOVE/REPLACE | SPECIAL | ** Non-OEM | 698.00 * | 2.0* |
| 2 | | | BETTERMENT - P | SPECIAL %75.00 | | 523.50 | |

\* - Judgment Item

| I. Labor Subtotals | Units | Rate | Add'l Labor Amount | Sublet Amount | Totals | II. Part Replacement Summary | | Amount |
|---|---|---|---|---|---|---|---|---|
| Body | 2.0 | 80.00 | 0.00 | 0.00 | 160.00 | Taxable Parts | | 698.00 |
| | | | | | | Sales Tax @ | 10.000% | 69.80 |
| | Non-Taxable Labor | | | | 160.00 | | | |
| Labor Summary | 2.0 | | | | 160.00 | Total Replacement Parts Amount | | 767.80 |

"EXHIBIT A"

ESTIMATE RECALL NUMBER: 10/30/2006 13:35:26 06-0162784-01
UltraMate is a Trademark of Mitchell International
Mitchell Data Version: SEP_06_B    Copyright (C) 1994 - 2005 Mitchell International
UltraMate Version: 6.0.017    All Rights Reserved

Page 1 of 3

Date: 10/30/2006 01:35 PM
Estimate ID: 06-0162784-01
Estimate Version: 0
Committed
Profile ID: CUSTOMIZED

| III. Additional Costs | Amount | IV. Adjustments | Amount |
|---|---|---|---|
| Total Additional Costs | 0.00 | Betterment | 575.85- |
| | | Insurance Deductible | 500.00- |
| | | Subtotal of Adjustments Exceeds Gross Total | |
| | | Customer Responsibility | 927.80- |

|  |  |  |
|---|---|---|
| I. | Total Labor: | 160.00 |
| II. | Total Replacement Parts: | 767.80 |
| III. | Total Additional Costs: | 0.00 |
| | Gross Total: | 927.80 |
| IV. | Total Adjustments: | 927.80- |
| | Net Total: | 0.00 |

THIS ESTIMATE HAS BEEN PREPARED BASED ON THE USE OF AFTERMARKET CRASH PARTS SUPPLIED BY A SOURCE OTHER THAN THE MANUFACTURER OF YOUR MOTOR VEHICLE. THE AFTERMARKET CRASH PARTS USED IN THE PREPARATION OF THIS ESTIMATE ARE WARRANTED BY THE MANUFACTURER OR DISTRIBUTOR OF SUCH PARTS RATHER THAN THE MANUFACTURER OF YOUR VEHICLE.

THIS IS A DAMAGE ASSESSMENT ONLY--NOT AN AUTHORIZATION TO REPAIR - BASED ON DAMAGE VISIBLE OR CERTAIN AT THE TIME IT WAS WRITTEN.

IF FRAME OR UNIBODY REPAIR IS INCLUDED ON THIS ESTIMATE, THE AMOUNT SHOWN INCLUDES TIME OR ALLOWANCE FOR MEASURING BEFORE, DURING, AND AFTER THOSE REPAIRS.

THE OWNER OF THE VEHICLE MAY SELECT THE REPAIR FACILITY OF HIS/HER CHOICE.

TO ENSURE PROPER AND PROMPT PAYMENT FOR ADDITIONAL DAMAGE DISCOVERED DURING THE COURSE OF REPAIRS, CONTACT PROGRESSIVE FOR SUPPLEMENT HANDLING PROCEDURES.

REPAIR SHOP MANAGER'S/AUTHORIZED REPRESENTATIVE'S SIGNATURE INDICATING AGREEMENT ON COST OF REPAIRS, TOWING/STORAGE CHARGES, AND TO COMPLETE ALL LISTED REPAIRS:

_____

ESTIMATED COMPLETION DATE: _____

LIFETIME GUARANTEE FOR SHEET METAL AND PLASTIC BODY PARTS

The replacement parts written on the estimate are intended to return your vehicle to its pre-loss condition with proper installation. After repair, if any sheet metal or plastic body part included in the estimate fails to return your vehicle to its pre-loss condition (assuming proper installation), in terms of form, fit, finish, durability or functionality, Progressive will arrange and pay for the replacement of the part, to the extent not covered by a manufacturer's or other warranty. This service will be performed at no cost to you (including associated repair and rental car costs). To obtain service under this Guarantee, call Progressive at 1-800-274-4641.

ESTIMATE RECALL NUMBER: 10/30/2006 13:35:26 06-0162784-01

Mitchell Data Version: SEP_06_B
UltraMate Version: 6.0.017

UltraMate is a Trademark of Mitchell International
Copyright (C) 1994 - 2005 Mitchell International
All Rights Reserved

Page 2 of 3

```
                                         Date:           10/30/2006 01:35 PM
                                         Estimate ID:    06-0162784-01
                                         Estimate Version: 0
                                         Committed
                                         Profile ID:     CUSTOMIZED
```

This Guarantee applies as long as you own or lease the vehicle. This Guarantee is not transferable and terminates if you sell or otherwise transfer your vehicle.

THIS GUARANTEE DOES NOT COVER NORMAL WEAR AND TEAR OR DAMAGE CAUSED BY IMPROPER MAINTENANCE, NEGLECT, ABUSE OR SUBSEQUENT ACCIDENT.

THIS GUARANTEE IS LIMITED TO ARRANGING FOR THE SELECTION OF REPAIR PARTS THAT WILL RETURN YOUR VEHICLE TO ITS PRE-LOSS CONDITION. ACCORDINGLY, PROGRESSIVE WILL NOT BE LIABLE FOR ANY INDIRECT, INCIDENTAL OR CONSEQUENTIAL DAMAGES THAT RESULT FROM THE INSTALLATION OR USE OF THESE PARTS.

                    Part Type Terms and Abbreviations
NEW and OEM or part number displayed -- These refer to a new, original equipment manufacturer part.
NON-OEM and A/M and QUAL REPL -- These refer to an after-market part, which is a new, non-original equipment manufacturer part.
USED/RECYCLED and LKQ -- These refer to a used OEM part.
REMANUFACTURED and RECOND. and RECORE -- These refer to used/recycled OEM parts that have been refurbished.

