IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LENZIE GILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 2:06-CV-1151-MHT |
| | ) |
| PROGRESSIVE DIRECT | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ANSWER OF DEFENDANT, PROGRESSIVE DIRECT INSURANCE COMPANY ("PROGRESSIVE")

### First Defense

Progressive avers that its correct name is Progressive Direct Insurance Company; however, it does not require that an amended complaint be served upon it to correct its designation in the complaint.

### Second Defense

Progressive issued a policy of motor home insurance to the plaintiff. It was in full force and effect at the time of a wind damage claim on or around October 27, 2006. It provided comprehensive coverage.

### Third Defense

Progressive avers that the wind damage claim was reported to it by the plaintiff on October 28, 2006. There was damage to the plaintiff's awning on his 1985 Ford Jayco motor home.

Progressive inspected the motor home on October 30, 2006. The estimated cost of repairs was in the amount of $927.80. Initially, Progressive did not make any payment because the cost of repairs did not exceed the policy deductible for comprehensive losses and the depreciation or betterment amount for the damage to the awning which was around 20 years old.

Nevertheless, Progressive agreed on November 16, 2006 to pay the cost of repairs less the policy deductible (without any additional deduction for the betterment or depreciation amounts). A settlement check was sent to the plaintiff but that settlement was rejected.

### Fourth Defense

Progressive denies that it breached any policy or contract of insurance with the plaintiff as alleged in count I of the complaint. It avers that it had the contractual right to make a deduction for betterment or depreciation; nevertheless, it agreed not to take that deduction in the spirit of compromise.

### Fifth Defense

Progressive specifically denies that it acted in bad faith as alleged in count II of the complaint. It avers that this claim against it is frivolous and was not filed with substantial justification as that term is used in the Alabama Litigation Accountability Act and under Rule 11 of the Federal Rules of Civil Procedure.

### Sixth Defense

Progressive denies that the plaintiff is entitled to recover the items and amounts of damages alleged in the complaint. It demands strict proof thereof.

<u>Seventh Defense</u>

Progressive reserves the right to amend its answer to raise additional or different defenses in accordance with the court's scheduling order.

*[signature]*
R. Larry Bradford, Attorney for
Defendant Progressive Direct
Insurance Company
Attorney Bar Code: BRA039

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 22 day of December, 2006, served a copy of the foregoing to all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Jerry M. Blevins, Esq.
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, AL 36106

*[signature]*
OF COUNSEL