IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LENZIE GILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 2:06cv1151-MHT |
| ) | |
| PROGRESSIVE DIRECT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO STRIKE

**COMES NOW** the Plaintiff, Lenzie Gill, by and through his undersigned counsel, and respectfully moves the Court to strike certain evidentiary materials offered in support of Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment, and as grounds therefore say's as follows:

1. That on May 15, 2007, Defendant filed its Opposition to Plaintiff's Motion for Partial Summary Judgment.

2. That in support of its filing, Defendant offered the Affidavit of Mr. Larry Lackey, along with a letter, and a copy of a check, from the undersigned to Mr. Derek Pannier of Progressive Insurance, as Exhibit A.

3. That Rule 408, *Fed.R.Evid.*, sets forth in relevant part as follows:

> "**RULE 408. COMPROMISE AND OFFERS TO COMPROMISE**
>
> (a) **Prohibited uses.--** Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, *invalidity of*, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
> (1) furnishing or offering or promising to furnish – or accepting or offering or promising to accept – a valuable

1

        consideration in compromising or attempting to compromise the claim . . ." (italics added).

4. That Plaintiff asserts that certain testimony of Mr. Lackey is due be stricken as being inadmissible pursuant to Rule 408, *Fed.R.Evid*, as follows:

   a. "Nevertheless, Progressive's representative, in the interest of compromise, agreed to waive the betterment deduction." (see ¶7 of Affidavit).

   b. "Progressive mailed a payment check to Gill in the amount of $427.80. However, this offer was rejected by Gill's attorney." (see ¶8 of Affidavit).

6. The above cited testimony by Mr. Lackey concerns offers of compromise and is offered to attempt to establish the *invalidity* of Plaintiff's claims. Accordingly, the cited testimony is inadmissible pursuant to Rule 408, *Fed.R.Evid.*

7. Plaintiff further asserts that Exhibit A is also inadmissible pursuant to Rule 408, and is also due to be stricken. The letter, which reads in part as follows: "Accordingly, your offer of 'compromise' in the amount of $427.80, is hereby rejected.", clearly was in direct response to Defendant's offer of compromise.

8. Plaintiff asserts that the inadmissible cited herein, along with any and all references in Defendant's filing to the inadmissible evidence, is due to be stricken and given no consideration by the Court.

**WHEREFORE** Plaintiff respectfully requests that the Court strike the affidavit testimony identified herein by Mr. Larry Lackey, along with Exhibit A, offered in support of Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment, for the reasons as set forth herein.

        /s/ Jerry M. Blevins
        JERRY M. BLEVINS (BLE003)
        Attorney for Plaintiff

OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)
E-Mail: ATTYJMBlev@aol.com

CERTIFICATE OF SERVICE

    I hereby certify that on the 16th day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

        R. Larry Bradford, Esq.
        Bradford & Sears, P.C.
        2020 Canyon Road
        Suite 100
        Birmingham, Alabama 35216

        /s/ Jerry M. Blevins
        Jerry M. Blevins