IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LENZIE GILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO: CV-06-1151-MHT |
| ) | |
| PROGRESSIVE DIRECT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

Comes now the defendant, Progressive Direct Insurance Company ("Progressive"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, and files its memorandum brief in support of its motion for summary judgment as follows:

### I.   Summary Judgment Standard.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party asking for summary judgment "as always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine

issue of material fact." Id. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id. at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleading and by his [own] affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justiciable inferences from the evidence in the non-movant's party favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56.

**II.  Legal Argument.**

**A.  Progressive did not breach any contract with the plaintiff because it is entitled to make an adjustment for betterment under its policy and, therefore, Progressive's motion for summary judgment is due to be granted.**

Summary judgment is due to be granted in favor of Progressive on the plaintiff's breach of contract claim because Progressive had a contractual right under the policy to make an adjustment for betterment on the plaintiff's claim of damage to the awning on his mobile home.

In order to establish a breach of contract claim, a plaintiff must show (1) the existence of a valid contract binding the parties in action, (2) his own performance under the contract, (3) the defendant's non-performance, and, (4) damages. Ex parte, Alfa Mutual Insurance Company, 799 So. 2d 957, 962 (Ala. 2001).

In this case, the plaintiff alleges that Progressive did not perform under the contract because it made an adjustment for betterment. *Doc. 1*. However, Progressive has submitted substantial evidence to the court demonstrating that its policy issued to the plaintiff allows it to make an adjustment for betterment, wear and tear, or prior damage. Therefore, Progressive has performed under the contract. Progressive's policy states as follows:

> **INSURING AGREEMENT - AGREED VALUE COVERAGE**
>
> * * *
>
> b.    For a loss other than a **total loss** to a **covered vehicle**, or for a **total loss** where the **agreed value** is not supported by proper documentation, **our** limit of liability is the lower of:
> (i)    the Value of the stolen or damaged property at the time of the **loss** reduced by:

3

      (a)    the applicable deductible as shown on the **Declarations Page**; and

      (b)    its salvage value if **you** or the **owner** pertaining to the salvage;

* * *

(See, Progressive's policy attached as exhibit "B"; pp. 28, 29).

Moreover, Progressive's policy states as follows with respect to the limits of liability:

**Limits of Liability**

* * *

4.    Payments for **loss** is covered under this Part IV are subject to the following provisions:
    a.    . . .
    b.    . . .

    c.    an adjustment for physical condition, which may also be referred to as betterment, wear and tear, or prior damage, will be made in determining the Limits of Liability. However, this shall not apply to a **total loss** if the **covered vehicle** is covered by Total Loss Replacement/Purchase Price Coverage or Agreed Value Coverage;

(See, Progressive's policy attached as exhibit "B"; pp. 25, 26).

The plaintiff was not able to support his claim that he had recently purchased a new awning with documentation. (Affidavit of Larry Lackey, ¶ 6). Progressive's representatives did not receive any documentation concerning replacement of the awning. *Id.* Therefore, payment to the plaintiff for damage to the awning is removed from section (b) under agreed value coverage. The payment to the plaintiff for the damage is then limited to the limits of

4

liability as set out on page 26, 4 c of Progressive's policy. This section of Progressive's policy requires an adjustment for physical condition, betterment, wear and tear, or prior damage.

Progressive's representative inspected the plaintiff's awning on his mobile home on October 30, 2006. *Id.* at ¶ 4. Progressive determined the total claim to be in the amount of $927.80. However, after the deductible and depreciation were applied, the plaintiff was not due to be reimbursed any money. *Id.* at ¶ 5. In the spirit of compromise, Progressive's representatives offered to waive the issue of betterment in an attempt to settle the claim. *Id.* at ¶ 7. The plaintiff rejected this offer and instead opted to file this lawsuit. *Id.* at ¶ 8.

Based on the contractual language in its policy, Progressive was required to make an adjustment for betterment, wear and tear, and depreciation concerning the plaintiff's claim. Progressive did not breach the contract with the plaintiff. In fact, Progressive lived up to the letter of the contract. Its representatives also agreed to go one step further and remove the betterment deduction and pay the plaintiff's claim minus the deductible. Progressive did not breach the contract and, therefore, summary judgment is due to be entered in its favor.

> **B. Progressive's motion for summary judgment is due to be granted on the plaintiff's claim for bad faith because it had arguable and debatable reasons for making an adjustment for betterment on the plaintiff's claim. Additionally, Progressive did not deny the plaintiff's claim.**

In <u>Morton v. Allstate</u>, 486 (So. 2d) 1263 (Ala. 1986), the court stated that:

> we have held that 'in the normal case in order for a plaintiff to make out a *prima facie* case of bad faith refusal to pay an insurance claim, the proof offered must show that the plaintiff is entitled to a directed verdict on the contract claim and thus, entitled to recover as a matter of law'.

(Quoting, <u>National Savings Life Insurance Company v. Dutton</u>, 419 So. 2d 1357 (Ala. 1982)).

Alabama courts have also held:

> the plaintiff asserting a bad-faith claim bears a heavy burden. To establish a *prima facie* case of bad-faith failure to pay an insurance claim, a plaintiff must show that the insurer's decision not to pay was without any grounds for dispute; in other words, the plaintiff must demonstrate that the insurer had no legal or factual defense to the claim. The insured must eliminate any arguable reason propounded by the insurer for refusing to pay the claim. A finding of bad faith based upon rejection of the insurer's legal argument should be reserved for extreme cases. The right of an insurer to deny a claim on any arguable legal issue is to be as zealously guarded as the right to decline benefits on any debatable issue of fact, the test of reasonableness being the same.

<u>Shelter Mutual Insurance Company v. Barton</u>, 822 So. 2d 1149, 1154 (Ala. 2001).

The court also stated that, "if a fact issue exists, making a judgment as a matter of law on the contract claim inappropriate, then the bad-faith claim fails and should not be submitted to the jury." <u>Id.</u> at 1155. (Citing, <u>National Savings Life Insurance Company v. Dutton</u>, 419 So. 2d 1357, 1362 (Ala. 1982)).

In this case, Progressive did not refuse to pay the plaintiff's claim. In fact, Progressive's representatives determined that the cost of the awning was in the amount of $927.80. After applying the plaintiff's deductible and making an adjustment for betterment, no money was due to the plaintiff. Subsequently, Progressive offered to remove the deduction for betterment (in the spirit of compromise) and forwarded the plaintiff a check in the amount of $427. This offer was rejected by the plaintiff.

Therefore, Progressive has not failed to pay the plaintiff's claim. It has attempted to pay the plaintiff for the awning but the offer of payment was rejected by him.

Furthermore, Progressive had an arguable and debatable reason for applying the betterment deduction because its policy requires that its limits of liability for a loss where the agreed value is not supported by proper documentation, is adjusted for physical condition or betterment. Clearly, Progressive has a right under its policy to make the adjustment for betterment.

Progressive's motion for summary judgment is due to be granted on the plaintiff's claim for bad faith because Progressive's representatives offered to remove the adjustment for betterment and pay the plaintiff the amount of $427. The plaintiff rejected this offer. Notwithstanding, Progressive has arguable and debatable reason for applying the betterment adjustment because this adjustment is required under the limits of liability section of its policy.

## IV. Conclusion.

Progressive's motion for summary judgment is due to be granted. Based on the clear and unambiguous language in its policy, Progressive did not breach the contract with the plaintiff and it had arguable and debatable reasons for applying the betterment adjustment to the plaintiff's claim.

/s/ R. Larry Bradford
R. Larry Bradford, Attorney for Defendant, Progressive Direct Insurance Company
Attorney Bar Code: BRA039

/s/ Shane T. Sears
Shane T. Sears, Attorney for Defendant, Progressive Direct Insurance Company
Attorney Bar Code: SEA026

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216

## CERTIFICATE OF SERVICE

I hereby certify that I have this the __16th__ day of May, 2007, served a copy of the foregoing to all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Jerry M. Blevins, Esq.
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, AL 36106

/s/ Shane T. Sears
OF COUNSEL