IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LENZIE GILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO: CV-06-1151-MHT |
| | ) |
| PROGRESSIVE DIRECT | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**<u>OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE BY
DEFENDANT, PROGRESSIVE DIRECT INSURANCE COMPANY</u>**

Comes now the defendant, Progressive Direct Insurance Company ("Progressive"), and files its response to plaintiff's motion to strike as follows:

1.  The plaintiff asserts that certain portions of the affidavit of Larry Lackey ("Lackey") are due to be stricken because it is "offered to attempt to establish the invalidity of the Plaintiff's claims." *Doc. 12., ¶ 6.*

2.  The plaintiff is correct. The affidavit of Lackey does establish the invalidity of the plaintiff's claims.

3.  The plaintiff has the burden to establish that Progressive breached its contract with the plaintiff and acted in bad faith. How can Progressive have breached the contract with the plaintiff or acted in bad faith if its representatives attempted to pay the plaintiff's claim?

4. The plaintiff in a bad faith refusal case had the burden of proving: (a) an insurance contract between the parties and a breach thereof by the defendant; (b) an intentional refusal to pay the insured's claim; (c) the absence of any reasonably legitimate or arguable reason for that refusal; (d) the insurer's actual knowledge of the absence of any legitimate or arguable reason; (e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim. Ex parte Alfa Mutual Insurance Company, 799 So.2d 957, 962 (Ala. 2001).

5. The affidavit of Lackey goes straight to the heart of the second prong of the test of whether a bad-faith refusal to pay an insurance claim exists.

6. Clearly, the issue of whether Progressive attempted to pay the plaintiff's claim is relevant to Progressive's opposition to plaintiff's motion for summary judgment and Progressive's motion for summary judgment.

7. In fact, Alabama courts have held that whether the insurer has paid the plaintiff's claim or a portion of the plaintiff's claim is relevant evidence in a bad faith case. See, Sexton v. Liberty National Life Insurance Co., 405 So.2d 18, 22 (Ala. 1981); Ex parte Alfa Mutual Insurance Company, 799 So.2d 957, 963-964 (Ala. 2001).

8. Therefore, certain portions of Lackey's affidavit are not due to be stricken. Progressive requests that the court deny plaintiff's motion to strike and deny plaintiff's motion for summary judgment in this case.

      /s/ R. Larry Bradford  
R. Larry Bradford, Attorney for Defendant, Progressive Direct Insurance Company  
Attorney Bar Code: BRA039

      /s/ Shane T. Sears  
Shane T. Sears, Attorney for Defendant, Progressive Direct Insurance Company  
Attorney Bar Code: SEA026

OF COUNSEL:

Bradford & Sears, P.C.  
2020 Canyon Road  
Suite 100  
Birmingham, AL 35216

## CERTIFICATE OF SERVICE

I hereby certify that I have this the __18th__ day of May, 2007, served a copy of the foregoing to all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Jerry M. Blevins, Esq.  
Law Office of Jerry M. Blevins  
Hillwood Office Center  
2800 Zelda Road, Suite 200-3  
Montgomery, AL 36106

      /s/ Shane T. Sears  
OF COUNSEL