IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LENZIE GILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.:  2:06cv1151-MHT |
| ) | |
| PROGRESSIVE DIRECT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S REPLY TO OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT BY DEFENDANT, PROGRESSIVE DIRECT INSURANCE COMPANY**

**COMES NOW** the Plaintiff, Lenzie Gill (hereinafter referred to as "Gill"), by and through his undersigned counsel, and files his Reply to Opposition to Plaintiff's Motion for Partial Summary Judgment by Defendant, Progressive Direct Insurance Company, and say's as follows:

1. As indicated by the filings of the parties, the dispositive issue on Plaintiff's Motion for Partial Summary Judgment, is whether the subject insurance policy allows for a deduction for betterment or depreciation on Gill's claim for damage to the awning on his motor home.

2. As argued by Gill in his Motion for Partial Summary Judgment, Gill asserts that the subject policy <u>does not</u> allow a deduction for betterment, while Defendant asserts that it does.

3. Initially, Gill notes that it is undisputed that Gill had "Agreed Value Coverage", and that "Agreed Value Coverage" <u>does not</u> allow a deduction for betterment. (see ¶5 of Gill's Motion for Partial Summary Judgment).

4. However, Defendant contends that because Plaintiff was not able to support his claim that he had recently purchased a new awning with documentation, that payment to the

1

Plaintiff for damage to the awning is removed from section (b) under agreed value coverage and is, instead, subject to the limits of liability set forth at Part IV of the policy which permits a deduction for betterment. (see p. 7 of Defendant's filing).

5. Defendant's argument is flawed for several reasons. First, the subject insurance policy specifically reads as follows: (see Exhibit 1A to Gill's Motion for Partial Summary Judgment, p. 26).

> "3. If **you** purchase Agreed Value Coverage, then subsection 1 above <u>shall not apply and the limit of liability for Agreed Value Coverage shall apply</u>."
> (underlining added).

Subsection 1 of the Limits of Liability provision under Part IV, is the provision which allows for a deduction for betterment, the provision relied on by Defendant in support of its argument that betterment was a permissible deduction.

6. Secondly, the policy provision dealing with a deduction for betterment specifically reads as follows:

> "4. Payments for **loss** covered under this Part IV are subject to the following provision:
>
> \*   \*   \*
>
> c. an adjustment for physical condition, which may also be referred to as betterment, wear and tear, or prior damage, will be made in determining the Limits of Liability. However, this <u>shall not apply</u> to a **total loss** <u>if the **covered vehicle** is covered by</u> Total Loss Replacement/Purchase Price Coverage or <u>Agreed Value Coverage</u>; (underlining added).
>
> \*   \*   \*"

6. Clearly, based on the foregoing contractual provisions, betterment was simply not a

permissible deduction with Agreed Value Coverage, as urged by Defendant.

7. Furthermore, under no scenario does the policy dictate that any action or inaction of Gill can "remove" Agreed Value Coverage and convert the claim to one which allows a deduction for betterment under Part IV, as suggested by Defendant. (see p. 7 of Defendant's filing: "[t]herefore, payment to the plaintiff for damage to the awning is removed from section (b) under agreed value coverage. The payment to the plaintiff for the damage is then limited to the limits of liability as set out on page 26, 4 c of Progressive's policy. This section of Progressive's policy requires an adjustment for physical condition, betterment, wear and tear, or prior damage.").

8. As noted in Gill's Motion for Partial Summary Judgment (see pp. 5-6), Defendant chose to adjust Gill's claim on a replacement cost basis and determined replacement cost to be $927.80. A such, Gill was entitled to payment on his claim under Agreed Value Coverage as follows:

"**INSURING AGREEMENT – AGREED VALUE COVERAGE**

If **you** purchase Agreed Value Coverage under this Part IV for a **covered vehicle**, then subsection 1 of the Limits of Liability provision under this part IV shall not apply and the following provision shall apply to a loss to that **covered vehicle**:
1. The limit of liability for a **loss** to a **covered vehicle** for which Agreed Value Coverage was purchased is as follows:

   \*     \*     \*
   b.  for a **loss** other than a **total loss** to a **covered vehicle**, or for a **total loss** where the **agreed value** is not supported by proper documentation, **our** limit of liability is the lower of:

   \*     \*     \*
   (ii) the amount necessary to replace the stolen or damaged property, reduced by:
       (a)  the applicable deductible as shown on the **Declarations Page**; and
       (b)  its salvage value if **you** or the **owner** retain the salvage;

   \*     \*     \*"

3

9. Based on the manner in which the claim was adjusted and the relevant policy provisions, Gill was owed the sum of $427.80, on his claim.

10. In the end, the evidence of record leaves no doubt that Defendant breached the subject insurance contract and acted in bad faith in denying Gill's claim.

**WHEREFORE** Gill requests that the Court grant partial summary judgment in Gill's favor as to Progressive's liability on Counts I – Breach of Contract and II – Bad Faith, and for partial damages in the sum of $427.80, for the reasons set forth herein.

/s/ Jerry M. Blevins
JERRY M. BLEVINS (BLE003)
Attorney for Plaintiff

OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)
E-Mail: ATTYJMBlev@aol.com

CERTIFICATE OF SERVICE

    I hereby certify that on the 31st day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

        R. Larry Bradford, Esq.
        Bradford & Sears, P.C.
        2020 Canyon Road
        Suite 100
        Birmingham, Alabama 35216

        /s/ Jerry M. Blevins
        Jerry M. Blevins