IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LENZIE GILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 2:06-cv-01151-MEF |
| ) | |
| PROGRESSIVE DIRECT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S BRIEF IN SUPPORT OF
### MOTION TO STRIKE

**COMES NOW** the Plaintiff, Lenzie Gill, by and through his undersigned attorney, and files his brief in support of his Motion to Strike (Doc. 22), and say's as follows:

1. That on June 4, 2007, Plaintiff moved the Court to strike Exhibit A from Defendant's Motion for Summary Judgment, along with certain affidavit testimony of Mr. Larry Lackey, as follows:

    a) "Nevertheless, Progressive's representative, in the interest of compromise, agreed to waive the betterment deduction." (see ¶7 of Affidavit).

    b) "Progressive mailed a payment check to Gill in the amount of $427.80. However, this offer was rejected by Gill's attorney." (see ¶8 of Affidavit).

2. As grounds therefore, Plaintiff asserted that Mr. Lackey's testimony, along with Exhibit A, concerned an offer of compromise which was offered to attempt to establish the invalidity of Plaintiff's claims, evidence which Plaintiff contends is inadmissible pursuant to Rule 408, *Fed.R.Evid.*, which reads as follows:

1

"**RULE 408. COMPROMISE AND OFFERS TO COMPROMISE**

 (a)  **Prohibited uses.--**  Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, *invalidity of*, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

  (1)  furnishing or offering or promising to furnish – or accepting or offering or promising to accept – a valuable consideration in compromising or attempting to compromise the claim . . ." (italics added).

3. On June 8, 2007, Defendant filed its Opposition to Plaintiff's Second Motion to Strike by Defendant, Progressive Direct Insurance Company, and therein acknowledged that the offer of compromise testimony offered by Mr. Lackey was in-fact intended to attempt to establish the invalidity of Plaintiff's claims. (see Doc. 26, ¶¶1 & 2).

4. It is undisputed that Defendant's offer of compromise was made after Plaintiff notified Defendant that litigation was to ensue concerning Defendant's wrongful denial of Plaintiff's insurance claim. (see Exhibit A: "In the end, you maintained your position that no payment would be issued based on your reading of the policy. Accordingly, I expect to have the lawsuit to Progressive in the immediate future.").

5. While the offer of compromise is inadmissible on its face, Plaintiff does recognize certain exceptions in which the offer may be used, as outlined by Rule 408(b), *Fed.R.Evid.*, as follows:

 "(b). **Permitted uses. --**  This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution."

However, Defendant has failed to meet its burden of establishing any basis for the admission of this otherwise inadmissible evidence. *Ramada Development Co. v. Rauch*, 644 F.2d 1097 (C.A.Fla., 1981).

6. Defendant raises the question in its Opposition to the Motion to Strike as to "[h]ow can Progressive have breached the contract with the plaintiff or acted in bad faith if its representatives attempted to pay the plaintiff's claim?" (Doc. 26, ¶3). This rhetorical question misses the point. Defendant did not simply pay the wrongfully denied claim after being informed it was going to be sued, it issued payment on the express condition that the payment was being issued "in the interest of compromise." (see Exhibit B). Thus, if Plaintiff accepted the offer he would have effectively waived his right to sue Defendant for the prior wrongful denial of his insurance claim.

7. Had Defendant in-fact paid the claim, even after being notified that Plaintiff intended on suing, this evidence may be admissible. However, Defendant's offer to pay the claim was not unconditional as it was expressly stated as an offer of compromise. This is the point Defendant misses in its argument on this issue.

**WHEREFORE** Plaintiff respectfully requests that the Court strike the affidavit testimony identified herein by Mr. Larry Lackey, along with Exhibit A, offered in support of Defendant's Motion for Summary Judgment, for the reasons as set forth herein.

/s/ Jerry M. Blevins
JERRY M. BLEVINS (BLE003)
Attorney for Plaintiff

3

OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)
E-Mail: ATTYJMBlev@aol.com

CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

> R. Larry Bradford, Esq.
> Shane T. Sears, Esq.
> Bradford & Sears, P.C.
> 2020 Canyon Road
> Suite 100
> Birmingham, Alabama 35216

/s/ Jerry M. Blevins
Jerry M. Blevins

JERRY M. BLEVINS
ATTORNEY AT LAW
HILLWOOD OFFICE CENTER
2800 ZELDA ROAD, SUITE 200-3
MONTGOMERY, ALABAMA 36106
E-MAIL: ATTYJMBLEV@AOL.COM

TELEFAX: 334-262-7644        November 15, 2006        TELEPHONE: 334-262-7600

*Via Facsimile (334-277-7880)*

Mr. Derek Pannier
Senior Multiline Representative
Progressive Insurance
4719 Woodmere Blvd.
Montgomery, Alabama 36117

RE:   My Client:       Mr. Lenzie Gill
      Your Insured:    Mr. Lenzie Gill
      Date of Loss:    10/27/2006
      Claim No.:       06-0162784-01

Dear Derek:

In our most recent conversation, which took place after you received my faxed letter of November 7, 2006, you indicated that you would be sending me a letter responding to my letter of November 7, 2006. To date, no such letter has been received.

You will further recall that during our most recent discussion I attempted to explain to you that you were either misreading or misinterpreting the language of the subject policy in denying payment on Mr. Gill's claim. In the end, you maintained your position that no payment would be issued based on your reading of the policy. Accordingly, I expect to have the lawsuit to Progressive in the immediate future.

Your cooperation and assistance is appreciated.

Sincerely,

Jerry M. Blevins

JMB/cas

**"EXHIBIT A"**

*PROGRESSIVE*

November 16, 2006

Mr. Jerry M. Blevins
2800 Zelda Road, Suite 200-3
Montgomery, Al 36106

RE:  Our Insured:    Lenzie Gill
     Date of Loss:   10-27-06
     Claim Number:   06-0162784
     Your Client:    Lenzie Gill

Dear Mr. Blevins,

I would like to update you on the status of the above stated claim. Per the insuring agreement- Agreed value coverage part 1B, page 28, it states "... For a loss other than a total loss to a covered vehicle, or a total loss where the agreed value is not supported by the proper documentation, our limit of liability is the lower of (1) the actual cash value of the stolen or damaged property at the time of the loss..."

Since no receipts were provided to support that the awning was recently purchased, our claim settlement was determined based upon the actual cash value of the used awning. However, in the interest of compromise, we are willing to waive the issue regarding actual cash value of the awning and pay the price of repair less the deductible.

Should you have any questions regarding this loss feel free to contact me at 334-244-4522.

Sincerely,

*Derek Pannier*
Derek Pannier
Progressive Direct Insurance Company

**"EXHIBIT B"**