IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LENZIE GILL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PROGRESSIVE DIRECT )<br>INSURANCE COMPANY, )<br>)<br>Defendant. ) | Civil Action No.:  2:06cv1151-MEF |

## MOTION TO COMPEL AND MOTION FOR
## AWARD OF ATTORNEY FEES AND

**COMES NOW** Plaintiff Lenzie Gill, by and through his undersigned counsel, and pursuant to Rule 37, *Fed.R.Civ.P.*, respectfully moves the Court for an order compelling discovery responses from Defendant, and further moves the Court for an award of attorney fees/costs incurred by Plaintiff in pursuit of this filing, and as grounds therefore would show as follows:

1. That on July 9, 2007, Plaintiff served Defendant with Plaintiff's First Set of Interrogatories and Second Request for Production of Documents. (see Exhibit 1).

2. That pursuant to Rule 33(b)(3), *Fed.R.Civ.P.*, answers and objections, if any, in response to the interrogatories were due on or before 30 days after the service of the interrogatories – or on or before August 8, 2007.

3. That pursuant to Rule 34(b), *Fed.R.Civ.P.*, answers and objections, if any, in response to the production requests were due on or before 30 days after the service of the request – or on or before August 8, 2007.

4. Defendant filed its untimely objections/responses to each of the foregoing discovery requests on August 28, 2007, almost three (3) weeks late. (Exhibit 2). In responding, Defendant limited its discovery responses to prior claims "involving awnings" while the discovery requests at issue sought information concerning prior claims against Defendant

1

   by an insured for breach of contract or bad faith. The discovery requests were not limited to prior claims "involving awnings". Thus, notwithstanding the fact that the discovery objections were untimely and, therefore, waived pursuant to Rule 33(b)(4), *Fed.R.Civ.P.*, Defendant's discovery responses were non-responsive to the discovery requests.

5. On September 13, 2007, Defendant supplemented its response to the production request, and provided documents pertaining to bad faith lawsuits filed against Defendant "relating to comprehensive losses to motor homes or travel trailers." (Exhibit C). Again, the responses were non-responsive to the actual production request.

6. That the discovery sought from Defendant is relevant and material to the pending claims and/or is reasonably calculated to lead to the discovery of admissible evidence.

7. That Plaintiff desires an order from this Court directing Defendant to fully respond to the discovery requests at issue in this filing.

8. The undersigned certifies by his signature below that prior to the filing of this motion the undersigned conferred with Defendant's counsel in good faith in an effort to secure the information or material requested in the subject discovery requests, without court action, to no avail. These contacts included both telephone contacts and written communications.

9. That Defendant's counsel is well aware that his objections to each of the discovery requests are untimely, as well as the fact that his client's discovery responses are non-responsive to the discovery requests. Despite this knowledge, Plaintiff has been forced to file this motion in an attempt to obtain the discovery information/material he is entitled too. In light of the foregoing, Plaintiff requests an a award of a reasonable attorney fee and all costs incurred in pursuit of this filing.

   **WHEREFORE** Plaintiff requests an Order from the Court directing Defendant to provide full and complete responses to Plaintiff's First Set of Interrogatories and Second Request for Production of Documents, and that the Court further award a reasonable attorney fee/costs incurred by Plaintiff in pursuit of this filing, for the reasons set forth herein.

        /s/ Jerry M. Blevins
        JERRY M. BLEVINS (BLE003)
        Counsel for Plaintiff

OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)
E-Mail: ATTYJMBlev@aol.com

CERTIFICATE OF SERVICE

 I hereby certify that on the 21st day of September, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

  R. Larry Bradford, Esq.
  Shane T. Sears, Esq.
  Bradford & Sears, P.C.
  2020 Canyon Road, Suite 100
  Birmingham, Alabama 35216


      /s/ Jerry M. Blevins
      Jerry M. Blevins

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LENZIE GILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  2:06cv1151-MHT |
| | ) | |
| PROGRESSIVE DIRECT | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Comes now the Plaintiff, Lenzie Gill, by and through his undersigned counsel, and desiring the testimony and production of certain documentation from Defendant Progressive Direct Insurance Company ("Progressive Direct"), propounds the following interrogatories and requests for production of documents to be answered separately and severally, in the manner and form provided by law; viz:

1.  Has Progressive Direct been sued for breach of contract or bad faith by an insured residing in the State of Alabama, during the ten (10) years preceding the filing of Plaintiff's Complaint in this cause? If so, please state:

    a)    the name, address and telephone number of the insured(s);

    b)    the County and State in which the lawsuit was filed, along with the case number;

    c)    the final disposition of the case; &

    d)    please produce the original copy of the Complaint, Settlement Agreement and/or Judgment.

**ANSWER:**

"EXHIBIT A"

    2.   Has Progressive Direct settled any breach of contract or bad faith claims asserted by an insured residing in the State of Alabama, prior to suit being filed, during the ten (10) years preceding the filing of Plaintiff's Complaint in this cause? If so, please state:

        a)    the name, address and telephone number of the insured(s); &

        b)    the original or legible copy of the Settlement Agreement.

**ANSWER:**

                                          JERRY M. BLEVINS (BLE003)
                                          Attorney for Plaintiff

OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)
E-Mail: ATTYJMBlev@aol.com

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

> R. Larry Bradford, Esq.
> Shane T. Sears, Esq.
> Bradford & Sears, P.C.
> 2020 Canyon Road, Suite 100
> Birmingham, Alabama 35216

by depositing a copy of the same in the U.S. Mail, postage prepaid, this the 9th day of July, 2007.

_____
Jerry M. Blevins

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LENZIE GILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO: CV-06-1151-MEF |
| | ) |
| PROGRESSIVE DIRECT | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**OBJECTIONS, ANSWERS, AND RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES AND SECOND
REQUEST FOR PRODUCTION OF DOCUMENTS BY
PROGRESSIVE DIRECT INSURANCE COMPANY**

Comes now the defendant, Progressive Direct Insurance Company ("Progressive"), pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, and objects to plaintiff's first set of interrogatories and second request for production of documents as follows:

**GENERAL OBJECTIONS**

1.  Progressive objects to any and all requests to the extent that they are vague, overly broad, unduly burdensome, harassing and/or not calculated to lead to the discovery of relevant or admissible evidence.

2.  Progressive objects to any and all requests to the extent that they seek information protected from discovery by any privilege, including the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege or immunity.

**"EXHIBIT B"**

3. Progressive objects to any and all requests to the extent that they seek confidential, financial, or proprietary business information.

4. Progressive objects to any requests which are not reasonably limited in time and/or scope.

5. Progressive objects to any and all requests to the extent that they contain certain key terms which are not defined or that are unreasonably compound, disjunctive, or conjunctive.

These "General Objections" are applicable to and incorporated into each of the defendant's answers as if specifically stated therein. The stating of specific objections to a particular request shall not be construed as a waiver of the defendant's "General Objections." Unless otherwise specifically stated, Progressive's objections to each request apply to the entire request, including each and every subsection and/or subpart of the request.

## SPECIFIC OBJECTIONS ANSWERS, AND RESPONSES

1. Progressive's attorney objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, harassing, and/or not calculated to lead to the discovery of relevant or admissible evidence. Additionally, the interrogatory is not reasonably limited in time and/or scope. Without waiving any objections, Progressive has not had been sued for breach of contract or bad faith in cases in Alabama involving awnings in the last ten years.

2. Progressive's attorney objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, harassing, and/or not calculated to lead to the discovery of relevant or admissible evidence. Additionally, the interrogatory is not reasonably limited

in time and/or scope. Without waiving any objections, Progressive has not settled any breach of contract or bad faith claims in cases in Alabama involving awnings in the last ten years.

Progressive Direct Insurance Company

By: *Jerry Lackey*

Its *Claims Attorney*

Sworn to and subscribed before me this the **28** day of **August**, 2007.

_____
Notary Public

My Commission Expires:
**4.25.2011**

_____
R. Larry Bradford, Attorney for Defendant,
Progressive Direct Insurance Company
ASB-8038-f64r

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216
205-871-7733

## CERTIFICATE OF SERVICE

      I hereby certify that I have this the 28 day of August, 2007, served a copy of the foregoing to all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Jerry M. Blevins, Esq.
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, AL 36106

                                                                    /s/ [signature]
                                                                     OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LENZIE GILL,<br><br>   Plaintiff,<br><br>vs.<br><br>PROGRESSIVE DIRECT<br>INSURANCE COMPANY,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  CASE NO: CV-06-1151-MEF<br>)<br>)<br>)<br>)<br>)<br>) |

## SUPPLEMENTAL PRODUCTION OF DOCUMENTS BY DEFENDANT, PROGRESSIVE DIRECT INSURANCE COMPANY ("PROGRESSIVE")

## GENERAL OBJECTIONS

1. Progressive objects to any and all discovery requests to the extent that they are vague, overly broad, unduly burdensome, harassing and/or not calculated to lead to the discovery of relevant or admissible evidence.

2. Progressive objects to any and all discovery requests to the extent that they seek information protected from discovery by any privilege, including the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege or immunity.

3. Progressive objects to any and all discovery requests to the extent that they seek confidential, financial, or proprietary business information.

4. Progressive objects to any discovery requests which are not reasonably limited in time and/or scope.

"EXHIBIT C"

5. Progressive objects to any and all discovery requests to the extent that they contain certain key terms which are not defined or that are unreasonably compound, disjunctive, or conjunctive.

These "General Objections" are applicable to and incorporated into each of the defendant's discovery responses as if specifically stated therein. The stating of specific objections to a particular request shall not be construed as a waiver of the defendant's "General Objections." Unless otherwise specifically stated, Progressive's objections to each discovery request apply to the entire request, including each and every subsection and/or subpart of the request.

## SPECIFIC OBJECTIONS AND RESPONSES

1. Progressive objects to this request on the ground that it is overbroad and unduly burdensome. Without waiving any objections, Progressive is attaching a copy of the complaint which was filed by Larry Grizzard and Teresa Grizzard which relates to storm damage to their motor home. The case is still pending. Progressive is not aware of any other bad faith lawsuits against it in the state of Alabama during the last five years relating to comprehensive losses to motor homes or travel trailers (except, of course, Lenzie Gill's complaint).

2. See response to request for production number one. Progressive is not aware of any bad faith claims which it has filed prior to suit in the state of Alabama during the last five years which relate to comprehensive losses to motor homes or travel trailers.

                                           */s/ R. Larry Bradford*
                                         R. Larry Bradford, Attorney for Defendant,
                                         Progressive Direct Insurance Company
                                         ASB-8038-f64r

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216
205-871-7733

## CERTIFICATE OF SERVICE

    I hereby certify that I have this the _13_ day of September, 2007, served a copy of the foregoing to all attorneys of record by placing a copy of same by electronically filing and/or in the United States Mail, postage prepaid and properly addressed as follows:

Jerry M. Blevins, Esq.
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, AL 36106

                                           */s/ R. Larry Bradford*
                                           OF COUNSEL