IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LENZIE GILL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:06-cv-1151-MEF |
| | ) |
| PROGRESSIVE DIRECT INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

This Cause is before the Court on Plaintiff's Motion for Partial Summary Judgment (Doc. # 6), filed April 30, 2007, and Defendant's Motion for Summary Judgment (Doc. #13), filed May 16, 2007. The Plaintiff Lenzie Gill ("Gill") is suing Defendant Progressive Direct Insurance Co. ("Progressive") for damages arising out of Progressive's failure to pay for damages to Gill's motor home pursuant to her insurance policy. Gill filed the complaint in the Circuit Court of Montgomery County. On December 28, 2006, Progressive filed a Notice of Removal in this Court pursuant to 28 U.S.C. § 1446 on the ground that this Court had jurisdiction over the action under 28 U.S.C. § 1332 (diversity).

The complaint alleges "compensatory and punitive damages in excess of the sum of $150,000.00," but, from the face of the complaint, it appears that the compensatory damages are limited to the value of the unpaid claim of $427.80. Under those circumstances, in order to meet the $75,000 amount in controversy requirement for diversity jurisdiction in 28 U.S.C. § 1332(a), Gill would have to be awarded $74,572.20 in punitive damages, which is an

amount of punitive damages 174 times the amount of compensatory damages. However, the Supreme Court held in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418-29 (2003) that a punitive-to-compensatory damages ratio of 145 to 1 violated the Due Process Clause of the Constitution. *See also id.* at 425 (noting that ratios exceeding single digits are unlikely to comport with due process unless "a particularly egregious act has resulted in only a small amount of economic damages." (citing *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 582 (1996)).

An allegation in the complaint of the requisite amount in controversy that is unchallenged by the defendant will normally suffice to confer jurisdiction upon a federal court unless it appears to a "legal certainty" that the claim cannot be satisfied. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938); *Lister v. Commissioners Court, Navarro County*, 566 F.2d 490, 492-93 (5th Cir. 1978); *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 663 (5th Cir. 1971).[1] Given the amount of compensatory damages it appears from the complaint are at stake, and the limits on punitive damages from due process, it appears to be a "legal certainty" that this Court lacks jurisdiction over this cause of action. However, this Court feels that additional briefing on the issue will assist the Court in determining whether there is subject matter jurisdiction in this case.

For the reasons discussed above, it is hereby ORDERED that:

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit cases submitted or decided prior to October 1, 1981.

(1) Plaintiff shall file a brief on or before December 4, 2007, that addresses the issues raised above. The Plaintiff should also address the amount of compensatory damages at stake in this case.

(2) Defendant shall file a response on or before December 11, 2007.

DONE this 27th day of November, 2007.

                                        /s/ Mark E. Fuller
                            CHIEF UNITED STATES DISTRICT JUDGE