IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LENZIE GILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:06-cv-1151-MEF |
| ) | |
| PROGRESSIVE DIRECT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S BRIEF ON ISSUE OF JURISDICTION**

**COMES NOW** the Plaintiff, Lenzie Gill ("Gill"), by and through his undersigned counsel, and pursuant to the Court's Order of November 27, 2007 (Doc. 37), files his brief on the issue of this Court's jurisdiction over this cause.

1.  In it's Order of November 27, 2007, the Court directs Gill to address the basis for this Court's diversity jurisdiction under 28 U.S.C. §1332(a), in addition to the amount of compensatory damages at stake in this case. (Doc. 37).

DISCUSSION

2.  This action is before the Court on a two (2) count Complaint asserting causes of action against Progressive for Breach of Contract (Count I) and Bad Faith (Count II), arising out of Progressive's wrongful denial of Gill's insurance claim totaling $427.80, relative to certain damage to his motor home. (see Complaint filed in State Court on December 1, 2006) .

Gill contends, for the reasons more fully discussed below, that the Court has diversity jurisdiction over the pending claims.

**A. Breach of Contract**

Recoverable damages for breach of contract are limited to those flowing naturally and

proximately from the breach; the purpose of which are to put the injured party in the position he should have been in but for the breach. *Cannon v. Jefferson County Comm. For Economic Opportunity, Inc.*, 599 So.2d 32 (Ala. 1992). Punitive damages generally are not recoverable in a breach of contract action. *John Deere Indus. Equip. Co. v. Keller*, 431 So.2d 1155, 1157 (Ala. 1983). Nor are mental anguish damages. See *Bowers v. Wal-Mart Stores, Inc.*, 827 So.2d 63 (Ala. 2001); *Ruiz de Molina v. Merritt & Furman Ins. Agency*, 207 F.3d 1351 (11th Cir. 2000), citing *Vincent v. Blue Cross-Blue Shield, Inc.*, 373 So.2d 1054 (Ala. 1979).

However, a plaintiff may recover damages for mental anguish if the jury is satisfied "that the contractual duties imposed by this contract are so coupled with matters of mental solicitude as to the duty that is owed, that a breach of that duty will necessarily or reasonably result in mental anguish." *Orkin Exterminating Co. v. Donovan*, 519 So.2d 1330 (Ala. 1988), citing *B & M Homes, Inc. v. Hogan*, 376 So.2d 667 (Ala. 1979). The Alabama Supreme Court has permitted recovery of mental anguish damages only in those cases involving breaches of contracts involving emotionally-freighted duties, such as the contract to insure a home. The insurer of homes assumes "contractual duties . . . so coupled with matters of mental solicitude as to the duty that is owed, that a breach of that duty will necessarily or reasonably result in mental anguish. *Orkin*, Id.

In *Independent Fire Ins. Co. v. Lunsford*, 621 So.2d 977 (Ala. 1993), a case Gill finds strikingly similar to the facts in the present matter, the Lunsfords purchased from Independent an insurance policy to cover a mobile home they owned. The policy was purchased in 1986. The mobile home was not a primary residence, but was used occasionally by relatives of theirs. In February 1990, a windstorm damaged an awning attached to the mobile home. The estimate to

2

replace the damaged awning was $1,603.68. Independent denied the Lunsfords' insurance claim for the damaged awning based on a windstorm exclusion endorsement contained in the insurance policy.

The Lunsfords' sued Independent and Capitol Adjustment Company of Montgomery, who handled the loss, alleging breach of their insurance contract, arising out of Independent's denial of their claim, and alleging a bad faith refusal to pay. Capitol Adjustment was dismissed voluntarily at the close of the plaintiff's evidence. The jury returned a verdict for the Lunsfords in the amount of $25,000 in compensatory damages on the breach of contract count and $100,000 in punitive damages on the bad faith count. The court entered a judgment on that verdict. Independent appealed and raised three issues on appeal: a) whether the evidence supported the finding that Independent's refusal to honor the claim was a bad faith refusal; b) whether the evidence supported the finding of a breach of contract; and if so, whether the evidence supported the jury's awards of damages.

In affirming in part, and reversing and remanding in part, the Alabama Supreme Court concluded that the Lunsfords' did not meet their burden of showing by substantial evidence of the absence of any reasonably legitimate or arguable reason for refusal of their claim, and reversed and rendered judgment on the bad faith claim. In upholding the compensatory award of $25,000, of which $23,396.32 represented mental anguish damages, the Court held that "Mr. Lunsford testified at trial concerning the mental anguish he and his wife claimed to have suffered as a result of the denial of their insurance claim. That evidence presented a question for the jury." In so holding, the Court specifically noted that "even though the mobile home was not the primary residence of the Lunsfords, it was, nonetheless, used by their relatives. 621 So.2d at 977.

Similarly, in the present matter, Gill has sued over Progressive's wrongful denial of his insurance claim relative to a damaged awning on his motor <u>home</u>. The evidence to be adduced at trial will establish that Gill and his family members regularly used the motor home as their residence. Gill contends that based on the holding in *Lunsford*, he too is entitled to have the jury consider mental anguish damages on his breach of contract claim as his motor <u>home</u> is no less of a <u>home</u> than the Lunsford's mobile <u>home</u>.

### B. Bad Faith

On the bad faith claim, Gill is clearly entitled to have the jury consider mental anguish damages. *Chavers v. National Security Fire & Casualty Co.*, 405 So.2d 1, 7 (Ala. 1981)("This economic loss, as well as damages for mental anguish, is compensable in a bad-faith action."). Gill is further entitled to have the jury consider punitive damages. *Employees' Benefit Association v. Grissett*, 732 So.2d 968 (Ala. 1998)(punitive damages reduced on a bad faith verdict from $150,000 to $15,000).

### C. Measure of Compensatory & Punitive Damages

With respect to mental anguish damages, neither physical injury or physical symptoms are prerequisites for a claim of damages for mental anguish, and once the plaintiff has presented some evidence of mental anguish, the question of damages for mental anguish is for the jury. *Alabama Power Co. v. Harmon*, 483 So.2d 386, 389 (Ala. 1986). In-fact, there is no fixed standard for determining the amount of compensatory damages a jury may award for mental anguish; the amount of the damages award is left to the jury's sound discretion, subject only to review by the court for a clear abuse of that discretion. *Delchamps, Inc. v. Bryant*, 738 So.2d 824, 837 (Ala. 1999).

With respect to punitive damages, *Ala. Code* §6-11-21(a), 1975, would appear to be

4

controlling in this case:

> **§ 6-11-21. Punitive damages not to exceed certain limits.**
>
> (a) Except as provided in subsections (b), (d), and (j), in all civil actions where an entitlement to punitive damages shall have been established under applicable laws, no award of punitive damages shall exceed three times the compensatory damages of the party claiming punitive damages or five hundred thousand dollars ($500,000), whichever is greater."

### D.  Damages Sought by Plaintiff

On the breach of contract claim, Gill expects to seek compensatory damages at trial as follows:

a)  the sum of $423.70, owed for the damaged awning;
b)  an undetermined sum for prejudgment interest; &
c)  between $25,000 to $50,000 for mental anguish

On the bad faith claim, Gill expects to seek compensatory and punitive damages at trial as follows:

a)  the sum of $423.70, owed for the damaged awning;
b)  an undetermined sum for prejudgment interest;
c)  between $25,000 to $50,000 for mental anguish; &
d)  between $150,000 to $500,000 as punitive damages.

### Conclusion

As the anticipated recoverable compensatory and punitive damages on the bad faith claim are well in excess of $75,000, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

            <u>/s/ Jerry M. Blevins</u>
            JERRY M. BLEVINS (BLE003)
            Counsel for Plaintiff

OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)
E-Mail: ATTYJMBlev@aol.com

CERTIFICATE OF SERVICE

    I hereby certify that on the 3rd day of December, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

        R. Larry Bradford, Esq.
        Bradford & Sears, P.C.
        2020 Canyon Road, Suite 100
        Birmingham, Alabama 35216

        /s/ Jerry M. Blevins
        Jerry M. Blevins